**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA, NORTHERN DIVISION**

**VIRGINIA W. GOODLETT,**

**Plaintiff,**

**v.**

**DEMOPOLIS CITY BOARD OF EDUCATION; DEMOPOLIS CITY SCHOOLS; DR. ADAM PUGH, in his his official capacity as Superintendent of the Demopolis City Schools; TONY WILLIS, former Superintendent of the Demopolis City Schools, in his individual capacity; DR. BOBBY HATHCOCK, former Interim Superintendent of the Demopolis City Schools, in his individual capacity; HARRIS HURST, former Member of the Demopolis City Board of Education, in his individual capacity; BETSY STEPHENS and BOBBY ARMSTEAD, individually, and in their official capacities as members of the Demopolis City Board of Education; DR. ALIQUIPPA ALLEN, BEN MCCURDY, and LEE JORDAN, in their official capacities, only, as members of the Demopolis City Board of Education,**

**Defendants.**

## COMPLAINT

Plaintiff Virginia W. Goodlett ("Ms. Goodlett" or "Plaintiff"), by and through

undersigned counsel, brings this civil action against the Demopolis City Board of Education ("Board"), the Demopolis City Schools ("District"), Dr. Adam Pugh in his official capacity as Superintendent of the District, former Superintendent Tony Willis in his individual capacity, former Interim Superintendent Dr. Bobby Hathcock in his individual capacity, former Board member Harris Hurst in his individual capacity, current Board members Betsy Stephens and Bobby Armstead in their individual and official capacities, and current Board members Dr. Aliquippa Allen, Ben McCurdy, and Lee Jordan in their official capacities only, and avers the following:

## PARTIES

1. Plaintiff Virginia W. Goodlett ("Ms. Goodlett" or "Plaintiff") is an adult African-American female citizen of the United States who resides in Demopolis, Marengo County, Alabama. She was born in 1953 and is over forty years of age. At all times material hereto she was employed by the Demopolis City Schools as an Assistant Principal at Demopolis High School. As such, Ms. Goodlett is an employee within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Defendant Demopolis City Board of Education (the "Board") is the public body responsible for governance of the Demopolis City Schools and for all

aspects of the employment of educational personnel within the District, with its principal office in Demopolis, Marengo County, Alabama. The Board is Ms. Goodlett's employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the ADEA, 29 U.S.C. § 630(b), and at all relevant times employed well in excess of the statutory minimum number of employees. For purposes of Plaintiff's claims under federal law, the Board is a local governmental entity and is not an arm of the State of Alabama entitled to Eleventh Amendment immunity.

3. Defendant Demopolis City Schools (the "District") is the public school system operated and governed by the Board and is the public entity named in Ms. Goodlett's Charge of Discrimination. The Board and the District are collectively referred to herein as the "District Defendants."

4. Defendant Dr. Adam Pugh ("Superintendent Pugh") is an adult, white male, and is the current Superintendent of the Demopolis City Schools and the chief executive officer of the Board. As Superintendent, he is the executive officer charged by Alabama Code § 16-22-15 with posting notices of personnel vacancies and is a person with final recommending authority over personnel decisions in the District. Superintendent Pugh is sued in his official capacity for declaratory, injunctive, and other prospective relief, including enforcement of Alabama Code § 16-22-15.

5. Defendant Tony Willis ("Willis") is an adult, white male, and was, at times material hereto, the Superintendent of the Demopolis City Schools and the

official who recommended the challenged 2024 personnel actions to the Board. Because Mr. Willis no longer holds that office, any official-capacity claim runs against his successor, Superintendent Pugh. Fed. R. Civ. P. 25(d). Mr. Willis is sued in his individual capacity only.

6. Defendant Dr. Bobby Hathcock ("Hathcock") is an adult, white male, and served as Interim Superintendent of the Demopolis City Schools during the relevant period, recommended and/or approved personnel actions challenged herein, and submitted the District's responses to Ms. Goodlett's Charge. Because Dr. Hathcock no longer holds that office, any official-capacity claim runs against his successor, Superintendent Pugh. Fed. R. Civ. P. 25(d). Dr. Hathcock is sued in his individual capacity only.

7. Defendant Harris Hurst ("Hurst"), an adult white male, is a former member of the five-member Demopolis City Board of Education who, at the times material hereto, chaired the Board, possessed final decision-making authority over the personnel actions challenged herein, and voted at the July 30, 2024 special called meeting to approve them. He is sued in his individual capacity only.

8. Defendants Betsy Stephens ("Stephens"), an adult white female, Bobby Armstead ("Armstead"), an adult African-American male, Dr. Aliquippa Allen ("Allen"), an adult African-American female, Ben McCurdy ("McCurdy"), an adult white male, and Lee Jordan ("Jordan"), an adult white male, are the current members

of the five-member Demopolis City Board of Education, which possesses final decision-making authority over the personnel actions challenged herein. Stephens and Armstead were members of the Board on July 30, 2024 and voted to approve the challenged appointments; they are sued individually and in their official capacities. Allen was a member of the Board on July 30, 2024 and abstained from the votes on the challenged appointments. McCurdy and Jordan were not members of the Board on July 30, 2024. Allen, McCurdy, and Jordan are sued in their official capacities only, for declaratory, injunctive, and other prospective relief. (Hurst, Stephens, and Armstead may hereinafter be collectively referred to as the "Voting Board Members." Stephens, Armstead, Allen, McCurdy, and Jordan may hereinafter be collectively referred to as the "Current Board Members," and the Current Board Members together with Superintendent Pugh as the "Official-Capacity Defendants.")

9. At all material times, the individual Defendants acted under color of state law and within the course and scope of their authority as officials and agents of the Board and the District.

**JURISDICTION AND VENUE**

10. Plaintiff brings this action pursuant to Title VII, the ADEA, 42 U.S.C. § 1981, 42 U.S.C. § 1983, Alabama Code §§ 16-22-15 and 16-1-30, the Alabama Declaratory Judgment Act, Alabama Code § 6-6-220 et seq., the Alabama

Constitution, and other applicable law.

11. Subject-matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4), because this action arises under Title VII, the ADEA, and 42 U.S.C. §§ 1981 and 1983.

12. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

13. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the Defendants reside in this District and the unlawful employment practices alleged occurred in Marengo County, Alabama, which lies within the Northern Division of the Southern District of Alabama.

## ADMINISTRATIVE EXHAUSTION AND CONDITIONS PRECEDENT

14. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1-13 of this Complaint as if fully restated herein.

15. On October 29, 2024, Ms. Goodlett timely filed a verified Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("**EEOC**"), designated Charge No. 420-2025-00588, alleging discrimination on the basis of race and age arising from the summer 2024 principal selections, and marked as a continuing violation. The Charge was filed within 180 days of the July 30, 2024 unlawful employment practices. Ms. Goodlett thereafter supplemented and amended

her Charge, and the parties participated in EEOC mediation that did not resolve the Charge. (A copy of Ms. Goodlett's EEOC Charge, without the exhibits, and the amendment thereto is attached hereto as Exhibit A.)

16. On August 18, 2026, the EEOC issued Ms. Goodlett a Notice of Right to Sue on her charge under Title VII and the ADEA, stating that any lawsuit under the ADEA or Title VII must be filed within ninety (90) days of her receipt of the notice. (A copy of the EEOC's Notice of Right to Sue is attached hereto as Exhibit B.)

17. Ms. Goodlett requested that this matter be forwarded to the Department of Justice's Civil Rights Division for issuance of a Notice of Right to Sue, and was notified on August 18, 2026 that the matter was forwarded to the Department of Justice, but has not yet received said Notice from the Department of Justice.

18. However, this suit is filed within the required ninety (90) days of Ms. Goodlett's receipt of the Notice of Rights from the local EEOC.

19. Independently, under the ADEA Ms. Goodlett is entitled to sue because more than sixty (60) days have elapsed since the filing of her Charge.

20. Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983 are not subject to any administrative-exhaustion requirement.

21. All conditions precedent to the filing of this action have been satisfied, performed, excused, or waived.

## STATEMENT OF FACTS

22. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1-21 of this Complaint as if fully restated herein.

23. Ms. Goodlett has served the Demopolis City Schools since 1981. She was a teacher at Demopolis High School from 1981 to 2003, the Reading Specialist/Literacy Coach from 2003 to 2011, and has served as an Assistant Principal at Demopolis High School from 2011 to the present.

24. Ms. Goodlett has devoted her entire professional life to the education of students in the Black Belt of Alabama and, for more than four decades, to the students of the Demopolis City Schools.

25. Across more than four decades of service, Ms. Goodlett has never received a negative evaluation as an Assistant Principal.

26. Ms. Goodlett holds a Bachelor of Science (1976) and three master's degrees - in Reading Education (1981), Vocational Business Education (1984), and Instructional Leadership (1992) - and holds Alabama Class A certification as an Educational Administrator (grades PreK-12), among other certifications.

27. Ms. Goodlett has thus held a graduate degree qualifying her for the principalship, for grades PreK-12, for more than thirty years - since 1992 - long before any of the three white candidates selected in 2024 became principals.

28. Ms. Goodlett began her teaching career in 1979 with the Demopolis

City Schools. She then worked for the Perry County Board of Education at Robert C. Hatch High School in Uniontown, Alabama, until 1981, where she served as Teacher and as Reading Center Coordinator and Director, responsible for teaching, testing, establishing the school's Reading Center, and evaluating and reporting student data for remediation.

29. In 1981, Ms. Goodlett was hired away from the Perry County Board of Education by the Demopolis City Schools. From 1981 to 2003, Ms. Goodlett taught Keyboarding, English, Reading, and Bookkeeping/Accounting at Demopolis High School, spending more than two decades in the classroom serving Demopolis students.

30. During many of the same years, Ms. Goodlett also taught adult basic education - reading, English, and business courses - at Concordia College in Selma, Alabama (1981-2006), and reading, English, and writing at Alabama Southern Community College in Demopolis (1992-1998), where she was responsible for testing, evaluating, analyzing, and reporting student data and for remediating students to prepare them for advancement.

31. From 2003 to 2011, Ms. Goodlett served the District as Reading Specialist/Coach for a Literacy Demonstration Site under the Alabama Reading Initiative. In that role she worked directly with struggling readers; provided in-class demonstration, coaching, and reflective-practice support to other teachers;

monitored the progress of all struggling readers in the school; worked with the principal and teachers to develop and revise a year-long professional development plan to raise literacy achievement; collected and maintained data for the evaluation of the Alabama Reading Initiative; trained and guided volunteers and tutors; and collaborated with the school's higher-education partner toward the goal of 100% literacy.

32. In 2011, Ms. Goodlett became an Assistant Principal for grades 9-12 at Demopolis High School. She has served in that position from 2011 to the present.

33. As assistant principal, Ms. Goodlett has, among other things: collaborated with the principal to supervise and evaluate teachers, supervisors, and non-professional staff; provided leadership in screening and interviewing applicants and recommending applicants for interview; coordinated instructional affairs within assigned departments; assisted in developing and implementing staff professional development; helped create school-wide goals for student learning and behavior; developed and maintained school safety procedures; conducted staff meetings; directed student behavior and discipline; met with teachers to manage IEPs for students with special needs; communicated regularly with parents and guardians; scheduled all athletic events and their workers; and worked individually with students through the Student Success Team.

34. As Assistant Principal, Ms. Goodlett has also represented Demopolis

High School on District and school leadership committees, including the Alabama Continuous Improvement Plan (ACIP) committee and the Action Plan Team charged with developing the District's Strategic Plan, and has collaborated with the District-wide administrative team on new and changing instructional methods, materials, strategies, and programs.

35. Ms. Goodlett served as an administrator on the Hope Institute Academy for Demopolis High School in 2022-2023, and in June and July 2023 completed a six-week Summer Leadership Seminar Series through the University of West Alabama's Project Grow to implement a climate and culture change at Demopolis High School.

36. From 2016 to 2023, while also serving as Assistant Principal, Ms. Goodlett served as Director of IMPACT 180, the District's alternative evening program, reporting directly to the Superintendent. She was responsible for the overall direction, coordination, and evaluation of the program and directly supervised its employees; directed and scheduled alternative educational placements, intakes, and releases; reviewed student records to identify at-risk students and develop intervention plans with local school administrators; supervised and kept records of system discipline intakes; tracked discipline days for students receiving special education services; coordinated with the Alabama Department of Human Resources and other outside agencies; and served as a resource to parents,

principals, counselors, and teachers across the District.

37. Since 2015, Ms. Goodlett has served as the ACT National Testing Coordinator for Demopolis High School, with overall responsibility for coordinating secure, standardized test operations and for selecting and supervising testing staff.

38. Before entering education, Ms. Goodlett worked as a clerk for the 17th Judicial Circuit in Marengo County (1977-1979), serving the small claims, juvenile, district, and circuit courts, and as a medical transcriber for West Alabama Mental Health (1976-1977). She has also served since 1999 as Secretary of Morning Star Baptist Church in Demopolis, responsible for its financial obligations, payroll taxes, reporting, and funds.

39. In sum, by the summer of 2024 Ms. Goodlett had served the students of the Demopolis City Schools for more than forty years - as a classroom teacher, a reading specialist and literacy coach, the director of the District's alternative program, the District's ACT test coordinator, and for thirteen years as an Assistant Principal - and held three master's degrees, including a graduate degree in instructional leadership that she had held for more than three decades.

40. In July of 2024, the principal positions at three of the District's four schools - Westside Elementary School, U.S. Jones Elementary School, and Demopolis Middle School - became vacant.

41. The Demopolis City Schools is a majority-Black district,

approximately fifty-one percent (51%) of whose students are African-American, governed by a five-member Board on which white members hold a three-to-two majority, as the Board has admitted.

42. Alabama Code § 16-22-15 required the Board, through its executive officer, to post a notice of each vacancy, and - because principal positions are supervisory and managerial positions - to post those notices for at least fourteen (14) calendar days before the positions were filled. The Board's own written Policy 6.12 ("Posting Vacant Positions") likewise required that vacancy notices for supervisory, managerial, or newly created positions be posted "in a conspicuous place at each school campus and worksite at least fourteen (14) calendar days before the position is to be filled."

43. At all times relevant to the 2024 principal vacancies, Alabama Code § 16-22-15, as amended by Act 2018-260 and effective June 1, 2018, provided in its entirety as follows:

> "§ 16-22-15. Notice of personnel vacancy; board policies; emergency situations.
>
> (a) For the purposes of this section, the following words shall have the following meanings:
>
> (1) Board of education or board. All public county and city boards of education; the Board of Trustees of the Alabama Institute for Deaf and Blind; the Alabama Youth Services Department School Board in its capacity as the Board of Education for the Youth Services School District; the Board of Directors of the Alabama School of

Fine Arts; the Board of Trustees of the Alabama High School of Mathematics and Science; and the Board of Trustees of the Alabama Community College System as applied to two-year postsecondary education institutions.

(2) Executive officer. The superintendent of any public county or city school system; the President of the Alabama Institute for Deaf and Blind; the president of any two-year school or college under the auspices of the State Board of Education; the Executive Director of the Alabama School of Fine Arts; the Superintendent of the Department of Youth Services School District; and the Executive Director of the Alabama High School of Mathematics and Science.

(3) Employees. Employees or personnel of the board except for the following:

a. Those employees covered under the Alabama state Merit System.

b. Those employees of the Alabama Institute for Deaf and Blind who work for the Alabama Industries for the Blind and those satellite employees at its regional centers.

(b) Each board of education, through its executive officer, shall post a notice of vacancy for each vacant personnel position. The notice shall be posted on the board website, at a minimum, or in a conspicuous place at each school campus and worksite, at least seven calendar days before the position is to be filled. In addition, any person or organization, upon request, shall receive electronic notification of personnel vacancies from the executive officer. The notice shall include, but not necessarily be limited to, all of the following:

(1) Job description and title.

(2) Required qualifications.

> (3) Salary schedule and amount.
>
> (4) Information on where to submit an application.
>
> (5) Information on any deadlines for applying.
>
> (6) Any other relevant information.
>
> (c) If a personnel vacancy occurs during the time when the schools are in session, the vacancy notice shall be posted not less than seven calendar days before the position is to be filled. All vacancies involving jobs which are supervisory, managerial, or otherwise newly created positions shall nevertheless require posting notices of at least 14 calendar days.
>
> (d) The board may adopt or continue policies which are not inconsistent with this section. The board may adopt policies to ensure the safety and welfare of its students during dire emergency situations, but the posting of a vacancy notice as required in this section shall not be abridged or delayed except in dire emergency circumstances and then delayed only temporarily in order to reasonably meet the conditions of the emergency. The adoption of additional policies shall comply with the requirements and procedures of Section 16-1-30 by all boards defined in this section."

Ala. Code 1975 § 16-22-15.[1]

44. Board Policy 6.12, "Posting Vacant Positions," provides in its entirety

---

[1] This is the version of Ala. Code § 16-22-15 in effect as of July 2024, and is the operative statute. The statute was later amended in 2026, with the changes effective as of October 1, 2026.

as follows:

"Policy 6.12: Posting Vacant Positions

I. The Demopolis City Board of Education shall post a notice of vacancy for each vacant personnel position. The notice shall be posted in a conspicuous place at each school campus and worksite at least fourteen (14) calendar days before the position is to be filled. The notice shall include, but not necessarily be limited to, all of the following:

A. Job description and title

B. Required qualifications

C. A statement of reference to the approved salary schedule.

D. Information on where to submit an application

E. Information on any deadlines for applying

F. Other relevant information

II. In accordance with Attorney General Opinion 2002-069, November 21, 2001 the following are exceptions to posting vacancies:

A. There is no vacancy when two (2) teachers trade positions; and

B. Where a lateral transfer occurs and the positions are neither newly created nor supervisory or managerial in nature, and there has been no increase or decrease in salary.

III. If a personnel vacancy occurs during the time when schools are in session, the vacancy notice shall be posted not less than seven (7) calendar days before the position is to be filled. All vacancies involving jobs which are supervisory, managerial, or otherwise newly created

> positions shall nevertheless require posting notices of at least fourteen (14) calendar days. If the vacancy is to be filled on a temporary emergency basis through an involuntary transfer within fifteen (15) days before or after the first day of school (AL Code§ 16-24B-7), the notice must be posted at least five (5) working days.
>
> IV. Nothing in this policy shall prohibit the immediate employment or transfer of Demopolis City School System personnel needed to ensure the welfare and safety of students, personnel or others and teachers on a temporary emergency basis as provided by law.
>
> V. It shall be the duty of the Superintendent to ensure that all certified and non-certified employees satisfactorily meet all requirements of State Law and State Board of Education rules and regulations. Code of Alabama 16-22-15; 16-24-63; AAC § 290-2-1-5."

45. According to the Board's published Policy Manual, Policy 6.12 was originally adopted on January 1, 1994; was last revised on April 18, 2011; and was last reviewed on July 21, 2025, at which time it was not revised. Accordingly, the version of Policy 6.12 quoted above was in force, without amendment, at all times relevant to the principal vacancies at issue in the summer of 2024.

46. The following allegations, which are also summarized in the chart attached as Exhibit C, set forth the dates on which each of the three principal positions became open, was posted (if at all), and was filled.

47. <u>U.S. Jones Elementary School</u>. According to the Board, the principal of U.S. Jones Elementary School, Alphus Shipman, an African-American male, informed the Superintendent in mid-June 2024 that he was taking a job in another

school system but would serve until July 15, 2024. The Board has identified no exact date or document reflecting that notice.

48. Mr. Shipman submitted his written resignation by email to then-Superintendent Tony Willis on July 10, 2024, effective July 15, 2024.

49. At its regularly scheduled meeting on July 23, 2024, the Board unanimously approved Mr. Shipman's resignation as principal of U.S. Jones Elementary School, effective July 15, 2024.

50. The only notice the Board has produced for the U.S. Jones position is dated "Opened July 9, 2024" - one day before Mr. Shipman's written resignation. The notice is captioned "POSITION: 'POSSIBLE' PRINCIPAL," states the close date as "Until Filled," does not identify any school, and states no deadline for applying.

51. The Board contends that the July 9, 2024 notice was posted on the Alabama State Department of Education's HireTrue website, on the Central Office bulletin board, and forwarded to the secretary of each campus for posting. Ms. Goodlett denies that the notice was posted at the schools, including at Demopolis High School, where she worked every day.

52. At a special called meeting on July 30, 2024, the Board appointed Elizabeth C. ("Beth") Fleming, a white female who had never been a principal before, and who upon information and belief is in her early 40s, as the principal of

U.S. Jones Elementary School, effective August 1, 2024.

53. Westside Elementary School. According to the Board, the principal of Westside Elementary School, Tisha Lewis, an African-American female, left in "late July" 2024. The Board has identified no exact date of notice and has not produced Ms. Lewis's resignation letter, so the date it was received is unknown.

54. The Board did not approve Ms. Lewis's resignation until the July 30, 2024 special called meeting - the same meeting at which it appointed her replacement.

55. The Board's notice for a second principal position bears a "POST DATE" of July 25, 2024. The notice is captioned "PRINCIPAL - 12 MONTH," lists its close date as "Until Filled," does not identify any school, and states no deadline for applying.

56. The Board contends that the July 25, 2024 notice was posted on HireTrue, at the Central Office, and at each campus. Ms. Goodlett denies that the Westside position appeared on HireTrue or was posted at the schools.

57. At the July 30, 2024 special called meeting, the Board appointed Brandi M. Smith, a white female under the age of 40, as principal of Westside Elementary School, effective August 1, 2024. This appointment was not a temporary appointment, but rather a full-time, permanent appointment. Only five (5) calendar days elapsed between the July 25, 2024 notice and the Board's July 30, 2024 vote.

58. Demopolis Middle School. The Demopolis Middle School principal position became vacant only upon the Board's July 30, 2024 action moving Ms. Smith from Demopolis Middle School to Westside Elementary School. Ms. Smith submitted no resignation, the Board approved none, the Board has produced no transfer letter, and the Board's minutes reflect no separate action on her transfer.

59. The Board has identified no notice of vacancy for the Demopolis Middle School principal position, and none was posted at any location. The Board's own affidavit to the EEOC addresses only the U.S. Jones and Westside positions.

60. At the same July 30, 2024 special called meeting, the Board appointed Allene H. Jones, a white female in her early 40s, as principal of Demopolis Middle School, effective August 1, 2024. This was not a temporary appointment, but rather a full-time permanent principal appointment. Zero (0) days of posting preceded that appointment. Ms. Jones had never been a principal before being appointed principal of Demopolis Middle School on July 30, 2024, and had only been an assistant principal for one year.

61. As of the July 30, 2024 vote, the U.S. Jones and Westside notices were posted for only twenty-one (21) and five (5) calendar days, respectively, and the Demopolis Middle School position was never posted.

62. Upon information and belief, the Defendants never interviewed any of the African American applicants who submitted applications through the HireTrue

website for these principal positions.

63. Upon information and belief, Defendant Tony Willis became Superintendent of the Demopolis City Schools effective on or about June 1, 2021.

64. Mr. Willis was serving as Superintendent at the Board's July 1, 2024 special called meeting. At its regularly scheduled meeting on July 23, 2024 - the same meeting at which it approved Mr. Shipman's resignation - the Board unanimously accepted Mr. Willis's resignation as Superintendent, effective July 31, 2024.

65. At the July 30, 2024 special called meeting - the same meeting at which the Board accepted Ms. Lewis's resignation and appointed all three new principals - the Board approved Dr. Bobby Hathcock as Interim Superintendent, effective July 29, 2024.

66. Upon information and belief, no other person was designated as acting superintendent in the transition between Mr. Willis and Dr. Hathcock.

67. On February 10, 2025, at a called meeting, the Board selected and appointed Dr. Adam Pugh as Superintendent. On February 14, 2025, the Board formally approved Dr. Pugh's contract. Dr. Pugh began serving as Superintendent on March 3, 2025, and has continued to serve in that office through the filing of this Complaint.

68. Dr. Hathcock was still identified as Interim Superintendent as of

February 14, 2025, and, upon information and belief, served in that capacity until Dr. Pugh assumed office on March 3, 2025.

69. The Board's written policies also prohibit discrimination in employment on the basis of race and age (Policies 3.44 and 6.10), and, under applicable Alabama case law, the Board is bound to follow its duly adopted written policies.

70. The need to fill the principal vacancies was known to the then-Superintendent Willis well in advance. The principal of U.S. Jones Elementary School, Alphus Shipman, informed the Superintendent in mid-June 2024 that he was leaving, and submitted his written resignation on July 10, 2024, effective July 15, 2024.

71. The Board posted the U.S. Jones principal position on July 9, 2024 - labeling it only as a "POSSIBLE PRINCIPAL" opening, one day before Mr. Shipman's written resignation, and with no fixed closing date ("Until Filled").

72. The Board posted a notice for a second principal position on July 25, 2024, again with no fixed closing date ("Until Filled").

73. On July 30, 2024, at a special called Board meeting, the Board accepted the resignation of Westside Elementary School principal Tisha Lewis, making that position vacant, and at the same meeting approved the appointment of new principals for all three vacant principal positions.

74. No "dire emergency" within the meaning of Alabama Code § 16-22-15 excused compliance with the posting requirement. The resignations were known to the Superintendent in advance - one as early as mid-June 2024 - and the Board could have appointed interim principals while observing the mandatory fourteen-day posting requirement. The only emergency the Board declared in its minutes during this period concerned HVAC systems, not the principal vacancies.

75. At the July 30, 2024 special called meeting, the Board approved the Superintendent's recommendations and appointed three white females as principals, effective August 1, 2024: Brandi M. Smith as principal of Westside Elementary School, Elizabeth C. ("Beth") Fleming as principal of U.S. Jones Elementary School, and Allene H. Jones as principal of Demopolis Middle School.

76. Neither the July 25, 2024 posting nor the Westside vacancy was posted for the fourteen (14) calendar days required by law and policy before the positions were filled on July 30, 2024. The Board has not denied that the postings ran less than fourteen days. Instead, it has justified the short posting by invoking the Superintendent's assignment and transfer authority under Alabama Code § 16-12-16.

77. The Superintendent's assignment and transfer authority under Alabama Code § 16-12-16 does not authorize the Board to dispense with the mandatory posting requirement of § 16-22-15. The Board's own Policy 6.12 recognizes a

lateral-transfer exception to posting that, by its own terms, does not apply to positions that are "supervisory, managerial, or otherwise newly created," such as the principal positions at issue.

78. Furthermore, none of the principal positions filled at the July 30, 2024 meeting were filled on a temporary basis. Rather the three white females chosen for the principal positions were hired to full-time, permanent positions.

79. Because the vacancies were not properly posted, Ms. Goodlett was denied timely notice and a meaningful opportunity to apply for, interview for, or be considered for the three principal positions.

80. Of the applicants for the principal positions identified from the State's HireTrue system, Ms. Fleming was the only white applicant, and she was the candidate selected as principal of U.S. Jones Elementary School.

81. Upon information and belief, Ms. Fleming, a white female, knew of the opening before it was posted and was preselected and hand-picked for the position in a majority-Black school district.

82. Ms. Goodlett possesses substantially greater education, training, and experience than the selected candidates, holding three master's degrees and more than four decades of service, including more than fourteen years as an Assistant Principal. By comparison, and upon information and belief, the candidate selected as principal of Demopolis Middle School only earned her master's degree in 2020,

had never been a principal, and had materially less administrative experience than Ms. Goodlett, having served as an assistant principal for only one year prior to being appointed as the Demopolis Middle School principal..

83. The Board's treatment of a separate supervisory position reflects the same pattern. The Career Technical Education ("**CTE**") Director, Connie Davis, resigned effective June 10, 2024. Upon information and belief, on August 19, 2024 appointed Carrie Dauphin, who is white, as CTE Director effective August 20, 2024.

84. Upon information and belief, Ms. Dauphin was preselected for the CTE position before it was filled; Ms. Goodlett personally observed Ms. Dauphin moving into the predecessor's office, using Ms. Goodlett's master key, before the predecessor had departed.

85. In or about April 2025, Ms. Dauphin was elevated to a twelve-month position without public posting or notice to other qualified candidates.

86. The Defendants' failure to follow the mandatory posting requirements of Alabama Code § 16-22-15 and the Board's own written policies, their preselection of candidates, and their departure from established personnel procedures are evidence that the reasons offered for the challenged selections are pretextual and that the true motivation was intentional discrimination on the basis of race.

87. The District has a consistent history, spanning decades, of filling supervisory positions without the posting required by law and policy and of selecting

non-Black candidates for leadership roles. Upon information and belief, it has never had a non-white Head Football Coach, or a non-white Superintendent.

88. In addition, upon further information and belief, the District had never had a non-white Principal of Demopolis High School until Mr. Franklin was hired for the 2025-2026 school year, after the filling of the at-issue principal positions and only after Ms. Goodlett filed her charge with the Equal Employment Opportunity Commission alleging race discrimination.

89. The two departing principals whose vacancies are at issue were both African-American, but were replaced with white individuals. As a direct and proximate result of the Defendants' conduct, and in a district whose student body is predominantly Black, every building principal in the Demopolis City Schools is now white, except for the recently hired male principal at Demopolis High School.

90. As a direct and proximate result of the Defendants' unlawful conduct, Ms. Goodlett has suffered and continues to suffer lost promotional opportunities, lost wages and benefits, diminished pension benefits, harm to her career and professional reputation, and emotional distress and mental anguish.

## COUNT I

### Race Discrimination - Failure to Promote, in Violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) (Against the Demopolis City Board of Education and the Demopolis City School District)

91. Plaintiff realleges, restates, and incorporates herein by reference

paragraphs 1 through 90 of this Complaint as if fully restated herein.

92. At all relevant times, the Board was Ms. Goodlett's employer within the meaning of 42 U.S.C. § 2000e(b), and Ms. Goodlett was its employee within the meaning of 42 U.S.C. § 2000e(f).

93. Ms. Goodlett is African-American and is a member of a class protected by Title VII.

94. Ms. Goodlett was qualified for each of the three principal positions. She has held a Master of Education in Instructional Leadership (PreK-12) since 1992, holds two additional master's degrees, has served the District for more than four decades, and had served for thirteen years as an Assistant Principal, during which she helped supervise and evaluate staff, screened and interviewed applicants, and served on school and District leadership committees.

95. The Board did not properly post the job openings, as required by Ala. Code 16-22-15 and the Board's own Policy 6.12.

96. Because the vacancies were not properly posted, Ms. Goodlett was denied timely notice and a meaningful opportunity to apply for, interview for, or be considered for the three principal positions.

97. To the extent any position was not posted, was posted without identifying the school, or was posted only a few days before being filled, the District Defendants filled it through informal and non-public procedures that afforded Ms.

Goodlett no notice or meaningful opportunity to apply, even though they had reason to consider her for it in light of her administrative position, qualifications, and long service in the District.

98. The District Defendants did not interview, consider, or select Ms. Goodlett for any of the three principal positions.

99. Upon information and belief, the Defendants never interviewed any of the African American applicants who submitted applications through the HireTrue website for these principal positions.

100. On July 30, 2024, the Board instead appointed three white females - Elizabeth C. Fleming (U.S. Jones Elementary School), Brandi M. Smith (Westside Elementary School), and Allene H. Jones (Demopolis Middle School) - each of whom was equally or less qualified than Ms. Goodlett.

101. The reasons the District Defendants have offered for the selections are pretextual, and race was the real reason for the decisions, as shown by, among other facts: (a) the failure to post the vacancies for the fourteen (14) calendar days required by Alabama Code § 16-22-15 and Board Policy 6.12, including a five-day posting for Westside and no posting at all for Demopolis Middle School; (b) the July 9, 2024 notice that named no school, was labeled only "POSSIBLE" PRINCIPAL, and pre-dated the resignation it was meant to fill; (c) the acceptance of Ms. Lewis's resignation and the appointment of her successor at the same meeting; (d) the

reliance on transfer authority that does not excuse posting a supervisory vacancy; (e) the preselection of Ms. Fleming, the only white applicant identified in the State's application system; (f) the absence of any dire emergency; (g) none of the principal positions filled were filled on a temporary basis; (h) Ms. Goodlett's substantially superior qualifications; (i) the District's pattern and history of filling supervisory positions without lawful posting and using non-Black candidates; and (j) the result that, in a majority-Black district, every building principal other than one (who was only hired after Ms. Goodlett filed her EEOC charge for racial discrimination) is white.

102. By the foregoing, the District Defendants failed and refused to promote Ms. Goodlett, and otherwise discriminated against her with respect to the terms, conditions, and privileges of her employment, because of her race, in violation of 42 U.S.C. § 2000e-2(a)(1).

103. Ms. Goodlett timely filed a charge of discrimination with the EEOC and has satisfied all administrative prerequisites to this claim.

104. As a direct and proximate result, Ms. Goodlett has suffered lost promotional opportunities, lost wages and benefits, diminished pension benefits, harm to her career and reputation, and emotional distress and mental anguish.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Enter judgment in her favor against the District Defendants;

B. Order the District Defendants to promote Ms. Goodlett to a principal position, or to instate her in a comparable administrative position, or award front pay in lieu thereof;

C. Award back pay, lost benefits, compensatory damages, and prejudgment interest;

D. Award reasonable attorneys' fees, costs, and litigation expenses under 42 U.S.C. § 2000e-5; and

E. Grant such other relief as this Court deems just and proper.

## COUNT II

### Race Discrimination in Violation of 42 U.S.C. § 1981, Enforced Through 42 U.S.C. § 1983 (Against the Demopolis City Board of Education and the Demopolis City School District; and Against Defendants Tony Willis, Dr. Bobby Hathcock, Harris Hurst, Betsy Stephens, and Bobby Armstead, Each in His or Her Individual Capacity Only)

105. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1 through 90 of this Complaint as if fully restated herein.

106. Under 42 U.S.C. § 1981, all persons have the same right to make and enforce contracts, including the making, performance, modification, and enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, as is enjoyed by white citizens. As against state actors, that right is enforced through 42 U.S.C. § 1983.

107. Ms. Goodlett is African-American. Her employment with the Board is a contractual relationship, and promotion to a principal position under a principal contract is a benefit, privilege, term, and condition of that relationship.

108. Each individual Defendant acted under color of state law. Defendant Willis, as Superintendent and executive officer, was charged with posting the vacancies and made the recommendations to the Board; Defendant Hathcock became Interim Superintendent effective July 29, 2024, and served at the July 30, 2024 meeting at which the recommendations were approved; and the Voting Board Members (Hurst, Stephens, and Armstead) voted on July 30, 2024 to approve the appointments.

109. Those Defendants intentionally denied Ms. Goodlett the opportunity to contract for a principal position because of her race, and race was a but-for cause of that denial, as shown by the facts alleged in paragraph 101 above and paragraphs 40-90.

110. Indeed, upon information and belief, the Defendants never interviewed any of the African American applicants who submitted applications through the HireTrue website for the at-issue principal positions.

111. The Board is liable because (a) the challenged appointments were made by the Board itself - the body with final decision-making authority over personnel matters - by its vote of July 30, 2024; and (b) the appointments were made pursuant

to a longstanding and widespread custom of filling supervisory positions without the posting required by law and policy and of selecting non-Black candidates for leadership and supervisory roles, a custom so well settled that the Board knew of it and failed to stop it, and which was the moving force behind the violation.

112. Defendants Willis, Hathcock, Hurst, Stephens, and Armstead are sued in this Count in their individual capacities only, for their personal participation in the challenged decisions. Their conduct was intentional and taken with reckless indifference to Ms. Goodlett's federally protected rights.

113. As a direct and proximate result, Ms. Goodlett has suffered and continues to suffer lost promotional opportunities, lost wages and benefits, diminished pension benefits, harm to her career and professional reputation, and emotional distress and mental anguish.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Enter judgment in her favor against the Defendants named in this Count;

B. Order the District Defendants to promote or instate Ms. Goodlett to a principal or comparable administrative position, or award front pay in lieu thereof, together with back pay and benefits;

C. Award compensatory damages against the Defendants named in this

Count and punitive damages against Defendants Willis, Hathcock, Hurst, Stephens, and Armstead in their individual capacities;

D. Award reasonable attorneys' fees, costs, and litigation expenses under 42 U.S.C. § 1988; and

E. Grant such other relief as this Court deems just and proper.

## COUNT III
## Age Discrimination - Failure to Promote, in Violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, et seq.) (Against the Demopolis City Board of Education and the Demopolis City School District) (Pled in the Alternative)

114. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1 through 90 of this Complaint as if fully restated herein. This Count is pled in the alternative.

115. The Board is an employer within the meaning of 29 U.S.C. § 630(b), and Ms. Goodlett is its employee.

116. Ms. Goodlett was born in 1953 and was over seventy years of age in July 2024, and is a member of the class protected by the ADEA.

117. Ms. Goodlett was qualified for the principal positions, applied for the posted opening, and was excused from applying for the positions that were not posted or were posted only days before being filled.

118. The District Defendants rejected Ms. Goodlett and instead selected candidates who, upon information and belief, were substantially younger than she,

two of them being in their early 40s, and the other being under 40 years of age. Moreover, the candidate appointed to Demopolis Middle School only earned her master's degree in 2020 and had materially less administrative experience, having been an assistant principal for only one year.

119. Age was the but-for cause of the decision not to promote Ms. Goodlett. The District Defendants' stated reasons are pretextual for the reasons alleged in paragraph 101.

120. The violation was willful. The District Defendants knew that federal law and their own written policies prohibit discrimination in employment on the basis of age, and they acted with knowledge of, or reckless disregard for, whether their conduct was prohibited by the ADEA, entitling Ms. Goodlett to liquidated damages under 29 U.S.C. § 626(b).

121. Ms. Goodlett timely filed a charge with the EEOC, and more than sixty (60) days elapsed before she filed suit.

122. As a direct and proximate result, Ms. Goodlett has suffered lost wages, lost benefits, and diminished pension benefits.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Enter judgment in her favor against the District Defendants;

B. Order the District Defendants to promote Ms. Goodlett to a principal

position or instate her in a comparable administrative position, or award front pay in lieu thereof;

C. Award back pay, lost benefits, and an equal amount as liquidated damages for the District Defendants' willful violation;

D. Award reasonable attorneys' fees, costs, and litigation expenses under 29 U.S.C. § 626(b); and

E. Grant such other relief as this Court deems just and proper.

**COUNT IV**
**Declaratory Judgment - Construction and Application of Alabama Code §§ 16-22-15 and 16-1-30 (Ala. Code § 6-6-220, et seq.)**
**(Against Defendants Dr. Adam Pugh, Betsy Stephens, Bobby Armstead, Dr. Aliquippa Allen, Ben McCurdy, and Lee Jordan, Each in His or Her Official Capacity Only)**

123. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1 through 90 of this Complaint as if fully restated herein.

124. This Count seeks only a declaration construing Alabama Code §§ 16-22-15 and 16-1-30 and Board Policy 6.12 and their application to the Defendants' posting of supervisory vacancies. It seeks no money damages and no relief that would affect a contract or property right of the State.

125. In July 2024, Alabama Code § 16-22-15 required the Board, through its executive officer, to post a notice of each vacant personnel position and required at least fourteen (14) calendar days' posting for supervisory positions, which may be abridged only in dire emergency circumstances. Board Policy 6.12 likewise requires

fourteen days for supervisory positions and excludes supervisory positions from its lateral-transfer exception. The Board is bound to follow its duly adopted written policies.

126. The Superintendent is the Board's executive officer charged with posting vacancies, and the official-capacity Defendants are the current holders of the offices that administer and approve the posting and filling of supervisory positions.

127. The Defendants' predecessors filled the 2024 principal vacancies without the required posting, and the Board has justified doing so under the Superintendent's transfer authority under Alabama Code § 16-12-16. That position reflects a mistaken interpretation of law, a contravention of the Board's own Policy 6.12, and an assertion of authority that the Board does not possess, and it continues to govern how the Defendants fill supervisory vacancies.

128. A bona fide, definite, and concrete controversy therefore exists between Ms. Goodlett, a qualified District administrator who remains eligible for supervisory positions, and the Defendants concerning whether § 16-22-15 and Policy 6.12 permit the filling of supervisory vacancies by transfer, by notices that name no position, or by postings shorter than required by applicable law and the Board's own policy.

129. Ms. Goodlett is entitled to a declaration that § 16-22-15 and Policy 6.12 require posting of every supervisory vacancy, including vacancies filled by transfer, for the full period required, with the content required, before the vacancy is filled.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Declare that Alabama Code § 16-22-15 and Board Policy 6.12 required the posting of each 2024 principal vacancy, including any vacancy filled by transfer, for at least fourteen (14) calendar days before it was filled, and that Alabama Code § 16-12-16 does not dispense with that requirement;

B. Declare that the Defendants must comply with Alabama Code §§ 16-22-15 and 16-1-30, as currently in force, and with Board Policy 6.12 in filling supervisory vacancies; and

C. Grant such other relief as this Court deems just and proper.

## COUNT V
## Injunctive Relief and Mandamus to Compel Compliance with Alabama Code § 16-22-15 and Board Policy 6.12
## (Against Defendants Dr. Adam Pugh, Betsy Stephens, Bobby Armstead, Dr. Aliquippa Allen, Ben McCurdy, and Lee Jordan, Each in His or Her Official Capacity Only)

130. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1 through 90 of this Complaint as if fully restated herein. Plaintiff also incorporates paragraphs 123 through 129.

131. Ms. Goodlett, a qualified administrator employed by the Board, has a clear and specific legal right to have supervisory vacancies posted as Alabama Code § 16-22-15 and Board Policy 6.12 require, so that she may apply and be considered.

132. The Superintendent, as executive officer, and the Current Board

Members have an imperative, non-discretionary duty to post every supervisory vacancy as the statute and policy require. They have refused to perform that duty, maintaining that supervisory positions may be filled by transfer without posting.

133. Money damages are unavailable against these Defendants in their official capacities, and no other remedy will secure lawful posting of future supervisory vacancies.

134. This Court has supplemental jurisdiction over this Count under 28 U.S.C. § 1367(a).

135. This Count seeks only prospective relief compelling the Defendants to perform their legal duties and enjoining them from acting beyond their authority or under a mistaken interpretation of law. It seeks no money damages.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Issue injunctive relief and/or a writ of mandamus directing the Defendants to post all future supervisory vacancies, including vacancies to be filled by transfer, in compliance with Alabama Code § 16-22-15 as currently in force and Board Policy 6.12;

B. Enjoin the Defendants from filling any supervisory vacancy by transfer or appointment without first posting it as required by law and policy;

C. Direct the Defendants to afford all qualified applicants, including Ms.

Goodlett, a fair opportunity to apply and be considered for supervisory vacancies; and

D. Grant such other relief as this Court deems just and proper.

## COUNT VI
## Violation of the Constitution of Alabama (Art. I, §§ 1, 6, 13, and 22) - Declaratory and Injunctive Relief Only
## (Against Defendants Dr. Adam Pugh, Betsy Stephens, Bobby Armstead, Dr. Aliquippa Allen, Ben McCurdy, and Lee Jordan, Each in His or Her Official Capacity Only)

136. Plaintiff realleges, restates, and incorporates herein by reference paragraphs 1 through 90 of this Complaint as if fully restated herein.

137. Article I, §§ 1, 6, 13, and 22 of the Constitution of Alabama guarantee equality of rights, due process of law, and freedom from arbitrary and unequal treatment by government.

138. Acting through their offices, the Defendants and their predecessors denied Ms. Goodlett equal treatment because of her race by filling the 2024 principal vacancies with white candidates through a process that departed from the mandatory posting requirements of state law and Board policy, and they continue to fill supervisory positions in the same manner.

139. The Defendants acted beyond their authority and under a mistaken interpretation of law in treating Alabama Code § 16-12-16 as authority to fill supervisory vacancies without posting.

140. This Count seeks only prospective declaratory and injunctive relief

against the Defendants in their official capacities. It seeks no money damages.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff, Virginia W. Goodlett, respectfully prays that this Court will:

A. Declare that the Defendants' practice of filling supervisory vacancies without the posting required by law and policy, and on the basis of race, violates Article I, §§ 1, 6, 13, and 22 of the Constitution of Alabama;

B. Enjoin the Defendants from continuing that practice; and

C. Grant such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Ms. Goodlett respectfully requests that this Honorable Court enter judgment and grant the following equitable and legal relief:

A. Enter judgment against the Defendants and in favor of Ms. Goodlett;

B. Declare that the Defendants' acts and practices violated Title VII, the ADEA, 42 U.S.C. §§ 1981 Alabama Code §§ 16-22-15 and 16-1-30, and Article I, §§ 1, 6, 13, and 22 of the Constitution of Alabama;

C. Order the District Defendants to promote Ms. Goodlett to a principal position, or to reinstate or instate her to a comparable administrative position with the same responsibilities, authority, and benefits, or, if such relief is not feasible, award front pay in lieu thereof;

D. Award back pay, lost benefits, and prejudgment interest under Title VII and the ADEA;

E. Award liquidated damages under the ADEA for the Defendants' willful violation;

F. Award compensatory damages under Title VII and under 42 U.S.C. §§ 1981 and 1983, including damages for emotional distress and injury to reputation, subject to the applicable statutory limitations;

G. Award punitive damages against Defendants Willis, Hathcock, Hurst, Stephens, and Armstead in their individual capacities under 42 U.S.C. §§ 1981 and 1983, and compensatory and punitive damages against those Defendants on Plaintiff's claims of fraudulent misrepresentation, fraudulent suppression, and deceit;

H. Issue a declaratory judgment, injunctive relief, and/or a writ of mandamus directing the Defendants to comply with Alabama Code §§ 16-22-15 and 16-1-30 and the Board's written policies, and to post future supervisory vacancies in compliance with those requirements;

I. Award Ms. Goodlett her reasonable attorneys' fees, litigation expenses, and costs under 42 U.S.C. §§ 1988 and 2000e-5(k) and 29 U.S.C. § 626(b); and

J. Grant such other and further relief and benefits as justice may require.

## JURY DEMAND

**PLAINTIFF VIRGINIA W. GOODLETT HEREBY DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.**

Respectfully submitted this the 16th day of November, 2026.

*/s/ M. Vance McCrary*
M. Vance McCrary (ASB-4402-M74M)
*Counsel for Plaintiff*

OF COUNSEL:
**THE GARDNER FIRM, PC**
P.O. Box 3103
Mobile, Alabama 36652-3103
Telephone: (251) 433-8100
Email: vmccrary@thegardnerfirm.com

**I hereby request that the Clerk of the United States District Court for the Southern District of Alabama, Northern Division, issue summonses and copies of this Complaint for service upon each of the Defendants via private process server pursuant to Fed. R. Civ. P. 4(e) and Ala. R. Civ. P. 4(i)(1)(B).**

*/s/ M. Vance McCrary*
Attorney for Plaintiff

# EXHIBIT A

# EEOC CHARGE

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Virginia W. Goodlett | (334) 715-1023 | 06/04/1953 |

Street Address: 504 South Cherry Avenue, City, State and ZIP Code: Demopolis, AL 36732

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Demopolis City School District | 18+ | (334) 289-1670 |

Street Address: 609 South Cedar Avenue, City, State and ZIP Code: Demopolis, AL 36732

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[ ] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[X] OTHER (*Specify*) Age

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: July 30, 2024 Latest:

[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Particulars are set forth on the attached pages.

HAILEY M. PARIS NOTARY PUBLIC ALABAMA STATE AT LARGE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10/29/24 Virginia W. Goodlett

Date Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

Hailey M Paris

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Virginia W. Goodlett

Comm. Expires: 10/04/2028

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

10/29/24

1. My name is Virginia Goodlett. I am a female African-American. I am over the age of forty years.

2. In 1973, I graduated from Demopolis High School in the Demopolis City Schools.

3. In 1976, I graduated from Alabama State University with a Bachelor of Science degree in Business Education and English.

4. In 1981, I graduated from Alabama State University with a Master of Education in Reading Education.

5. In 1984, I graduated from Alabama Agricultural & Mechanical University with a Master of Education in Vocational Business Education.

6. In 1992, I graduated from Livingston University with a Master of Education in Instructional Leadership.

7. I am certified as an educator by the State of Alabama as follows: (1) Class B, Secondary (16A), grades 6-12 in English Language Arts, (2) Class A, Elementary-Secondary (009), grades PreK-12 in reading, (3) Class A, Secondary (06A), grades 6-12 in Business/Marketing Education, and (4) Class A, Educational Administration (081), grades PreK-12 in Educational Administration.

8. Since 1979, I have served as a professional educator.

9. Since 1981, I have been employed by the Demopolis City Schools. From 1981 to 2003, I served as a teacher at Demopolis High School. From 2003 to 2011, I served as the Reading Specialist/Coach for Literacy Demonstration Site throughout Demopolis High School. From 2011 to present, I have served as an assistant principal at Demopolis High School.

10. As background, the Demopolis City Schools System has four schools: (1) Westside Elementary School; (2) U.S. Jones Elementary School; (3) Demopolis Middle School; and (4)

Demopolis High School. The Demopolis City Schools serve approximately two thousand students, of which approximately 51% are African-American; 43% are white, and the remaining 6% of students are mostly Hispanic.

11. At the end of the 2023-2024 school year, the principal positions at three of the four schools in the Demopolis City Schools were vacated as the principals of each of these schools resigned and/or transferred from their positions. Specifically, the principals at Westside Elementary School and U.S. Jones Elementary School resigned. The principal at Demopolis Middle School transferred to another position.

12. However, the Demopolis Board of Education did not post any of these job vacancies as required under Ala. Code § 16-22-15 "Notice of personnel vacancy; board policies; emergency situations." (See **Exhibit A**). In pertinent part, Ala. Code § 16-22-15 states as follows:

> (b) Each board of education, through its executive officer, shall post a notice of vacancy for each vacant personnel position. **The notice shall be posted on the board website, at a minimum, or in a conspicuous place at each school campus and worksite, at least seven calendar days before the position is to be filled.** In addition, any person or organization, upon request, shall receive electronic notification of personnel vacancies from the executive officer. The notice shall include, but not necessarily be limited to, all of the following:
>
> **(1) Job description and title.**
> **(2) Required qualifications.**
> **(3) Salary schedule and amount.**
> **(4) Information on where to submit an application.**
> **(5) Information on any deadlines for applying.**
> **(6) Any other relevant information.**
>
> (c) If a personnel vacancy occurs during the time when the schools are in session, the vacancy notice shall be posted not less than seven calendar days before the position is to be filled. **All vacancies involving jobs which are supervisory, managerial, or otherwise newly created positions shall nevertheless require posting notices of at least 14 calendar days.**

Ala. Code § 16-22-15 (Emphasis added).

13. Unbelievably, the Demopolis Board of Education also did not post any of these vacant supervisory positions as required by the Board's own policies. (See **Exhibit B**). Specifically, Board Policy 6.12, which is entitled "Posting Vacant Positions" provides as follows:

> I. The Demopolis City Board of Education shall post a notice of vacancy for each vacant personnel position. **The notice shall be posted in a conspicuous place at each school campus and worksite at least fourteen (14) calendar days before the position is to be filled.** The notice shall include, but not necessarily be limited to, all of the following:
>
> **A. Job description and title**
> **B. Required qualifications**
> **C. A statement of reference to the approved salary schedule**
> **D. Information on where to submit an application**
> **E. Information on any deadlines for applying**
> **F. Other relevant information**
>
> II. In accordance with Attorney General Opinion 2002-069, November 21, 2001 the following exceptions to posting vacancies:
>
> A. There is no vacancy when two (2) teachers trade positions; and
> B. Where a lateral transfer occurs and the positions are neither newly created nor supervisory or managerial in nature, and there have been no increase or decrease in salary.
>
> III. If a personnel vacancy occurs during the time when schools are in session, the vacancy notice shall be posted no less than seven (7) calendar days before the position is to be filled. **All vacancies involving jobs which are supervisory, managerial, or otherwise newly created positions shall nevertheless require posting notices of at least fourteen (14) calendar days**. If the vacancy is to be filled on a temporary emergency basis through an involuntary transfer within fifteen (15) days before or after the first day of school (AL Code § 16-24B-7), the notice must be posted at least five (5) working days.
>
> IV. Nothing in this policy shall prohibit the immediate employment or transfer of Demopolis City School System personnel needed to ensure the welfare and safety of students, personnel or others and teachers on a temporary emergency basis as provided by law.

V. It shall be the duty of the Superintendent to ensure that all certified and non-certified employees satisfactory meet all requirements of State Law and the State Board of Education rules and regulations.

Demopolis City School Board Policy 6.12: Posting Vacant Positions (Emphasis added).

14. The Board, through its "executive officer," which is the Superintendent under Ala. Code § 16-12-3, did not post any of the three vacancies for principal on the Board website.

15. The Board, through its "executive officer," which is the Superintendent under Ala. Code § 16-12-3, did not post any of the three vacancies for principal at each of the school campuses.

16. The Board, through its "executive officer," which is the Superintendent under Ala. Code § 16-12-3, did not post any of the three vacancies for principal (which are supervisory positions) for the required period of fourteen days.

17. In fact, the Board accepted the resignation of each Principal of each of the three schools on the following dates:

a. Westside Elementary School on July 30, 2024.

b. U.S. Jones Elementary School on July 23, 2024.

c. Demopolis Middle School: (There was no acceptance of Resignation as this principal was transferred from the Demopolis Middle School directly to Westside Elementary School on June 30, 2024).

18. Also, in fact, the Board approved the employment of each new Principal of each school on the following dates:

a. Westside Elementary School: July 30, 2024.

b. U.S. Jones Elementary School: July 30, 2024 (Despite the fact that the previous principal's resignation had not even been approved by the Board until July 23, 2024).

c. Demopolis Middle School: July 30, 2024.

19. Without having posted any of these three vacancies as required under Alabama Code, and the Board's own policies, the majority-white Board called a special meeting on July 30, 2024 at which the majority-white Board of Education, approved the white Superintendent's recommendation, and hired the three white females to serve as the principals of these three schools.

20. Due to the Board's violation of Alabama Code and the Board's own policy, I was not provided with the required notice of the vacancies, nor any opportunity to submit any applications, to be interviewed, or to have any chance to serve in these supervisory positions.

21. The timing of the actions, omissions, breaches and violations of the white-Superintendent and the majority-white Board is strong evidence that these three white females were deliberately prepicked and told they would be given these principal positions before the vacant jobs were posted publicly.

22. Indeed, even though I possess more education, training, and experience than each of these three white females who were recommended by the white Superintendent and approved for employment by the majority-white Board, I was never provided the legally required opportunity to apply for these positions.

23. By failing to post these vacancies as required under Alabama Code and the Board's own Policy, and then hand-picking these three white women, the white Superintendent and the majority-white Board of Education wrongfully discriminated against me in violation of the Alabama law, federal law, the Alabama Constitution and the United States Constitution. These actions of failing to post these vacancies are discrimination against me and other African-American potential candidates in violation of Title VII.

24. The Demopolis City Board of Education has a history of racial discrimination in hiring and employment. Despite the fact that the Demopolis City Schools are a majority-minority

(black and Hispanic) district, there has never been a non-white Superintendent, a non-white Principal of Demopolis High School, or a non-white Head Football Coach.

25. Likewise, with respect to the three, above-described principal vacancies, I believe the actions, omissions, breaches and violations of the white Superintendent and the majority-white Board of education were racially motivated. It is time to put an end to these racially discriminatory hiring and employment practices, and provide equal opportunity for people of all races and ethnicities. I was denied the opportunity to apply for the three vacant principal positions due to my race in violation of Title VII.

# NOTARY VERIFICATION

Personally appeared before me, the undersigned attesting officer duly authorized to administer oaths, Virginia W. Goodlett, who, after being duly sworn, deposed and said on oath the facts set forth in the within and foregoing EEOC Charge are true and correct to the best of her knowledge.

Virginia W. Goodlett

Virginia W. Goodlett

Sworn to and subscribed before me this 29th day of October, 2024.

Hailey M. Paris

Notary Public, State of Alabama at Large
My commission expires: 10/04/2028

HAILEY M. PARIS
NOTARY ★ PUBLIC
ALABAMA STATE AT LARGE

Winter McFarland LLC
Attorneys & Counselors at Law

4901 Rice Mine Road NE
Tuscaloosa, AL 35406

Office: (205) 650-1400
Fax: (205) 650-1401

December 2, 2025

U.S. Equal Employment Opportunity Commission
Attention: Inv. Riqui Jeter
Birmingham District Office Ridge Park Place
1130 22nd Street
Birmingham, Alabama 35205
Email: riqui.jeter@eeoc.gov

**RE: Charge No.: 420-2025-00588**
**Claimant: Virginia W. Goodlett**
**Respondent: Demopolis City Board of Education**

Dear Investigator Jeter:

Please accept this correspondence as a supplement to Ms. Goodlett's pending EEOC charge.

Since filing her charge, Ms. Goodlett has learned of additional facts that further demonstrate the discriminatory hiring practices of the Demopolis City School Board of Education ("Board") and its leadership.

**Appointment of Carrie Dauphin as "Principal of CTE"**

In or about April 2025, Superintendent Dr. Pugh appointed Ms. Carrie Dauphin, a white female and previous 10-month instructional coach at Demopolis High School, to the newly created position of "Principal of Career Tech Education ("CTE")." This appointment was made without any posting or opportunity for other qualified candidates, including Ms. Goodlett, to apply. To Ms. Goodlett's knowledge, the position was not advertised internally or externally, in violation of Alabama law and the Board's own policies requiring the posting of newly created or supervisory positions.

Despite Demopolis High School already having a principal at that time, Ms. Dauphin was granted principal-level authority, a twelve-month contract, and access to principal meetings. Meanwhile, Ms. Goodlett and her fellow Assistant Principal, Mr. Tony Pittman, both African Americans, were excluded from consideration and kept uninformed of this decision.

**Conclusion**

We respectfully request that this supplemental information be added to Ms. Goodlett's charge for consideration in the EEOC's ongoing investigation. Please feel free to contact me at (205) 650-1400 or bpwinter@winmclaw.com should you need anything further.

Sincerely,

Winter McFarland, LLC

Bryan P. Winter, *for the Firm*

# EXHIBIT B

# NOTICE OF RIGHT TO SUE

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/18/2026

**To:** Ms. Virginia W. Goodlett
504 South Cherry Avenue
Demopolis, AL 36732

Charge No: 420-2025-00588

EEOC Representative and email: Riqui R. Jeter
Equal Opportunity Investigator
Riqui.jeter@eeoc.gov

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the **ADEA** must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2025-00588.

On behalf of the Commission,

For

Linda Sales-Long
Acting District Director

**Cc:**

Alex Braswell
Legal Representative
PO Box 740
Demopolis, AL 36732

Adam Pugh
Demopolis City Board of Education
609 South Cedar Avenue
Demopolis, AL 36732

Brian Winter
4901 Rice Mine Rd. NE.
Tuscaloosa, AL 35406

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 420-2025-00588 to the District Director at LINDA SALES-LONG, 1130 22nd Street South Suite 2000, Birmingham, AL 35205.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 420-2025-00588 to the District Director at LINDA SALES-LONG, 1130 22nd Street South Suite 2000, Birmingham, AL 35205.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## EXHIBIT C

**Demopolis City Schools — Summer 2024 Principal Vacancies: Notice, Resignation, Posting, and Hiring Dates**

| A. Position | B. Notice of possible vacancy | C. Receipt of resignation letter | D. Date Board approved resignation | E. Posting date | F. Posting location | G. Actual language in posting | H. Date Board hired | I. Days from posting to hiring |
|---|---|---|---|---|---|---|---|---|
| U.S. Jones Elementary School Principal (Alphus Shipman; replaced by Elizabeth C. "Beth" Fleming) | Mid-June 2024 (per the Board; no exact date or document) | July 10, 2024, 12:03 p.m., by email to Superintendent Tony Willis; resignation effective July 15, 2024 | July 23, 2024 (regular meeting; resignation "effective July 15, 2024" approved unanimously) | July 9, 2024 ("OPENED July 9, 2024"), one day before the resignation letter | Per the Board: hiretrue, Central Office bulletin board, and forwarded to each campus secretary. Plaintiff disputes posting at the schools | "POSITION: 'POSSIBLE' PRINCIPAL"; "CLOSED Until Filled"; no school named; no application deadline | July 30, 2024 (special called meeting), effective August 1, 2024; contract approved September 9, 2024 | 21 days |
| Westside Elementary School | "Late July" 2024 (per the Board; | Not produced by the Board; date | July 30, 2024 (special called meeting; | July 25, 2024 ("POST | Per the Board: hiretrue, Central Office, | "PRINCIPAL - 12 MONTH"; | July 30, 2024, effective | 5 days |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Principal (Tisha Lewis; replaced by Brandi M. Smith) | no exact date) | unknown | the same meeting at which the replacement was appointed) | DATE July 25, 2024") | and each campus. Plaintiff disputes that the position appeared on hiretrue or at the schools | "CLOSE DATE … Until Filled"; no school named; no application deadline | August 1, 2024 (characterized by the Board as a lateral transfer) | |
| Demopolis Middle School Principal (Brandi M. Smith; replaced by Allene H. Jones) | None; vacancy arose only upon Smith's move to Westside | None; no resignation, and no transfer letter produced | None; no resignation was submitted or approved, and no separate Board action on Smith's transfer from Demopolis Middle School appears in the minutes | None identified | None identified; the Board's posting affidavit addresses only U.S. Jones and Westside | None | July 30, 2024, effective August 1, 2024; contract approved September 9, 2024 | 0 days (no posting) |